**Donald JONES, Appellant,**

v.

**ST. LOUIS CIVIL SERVICE COMMISSION, Respondent.**

**No. 43553.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 2, 1982.

Sandra M. Moore, St. Louis, for appellant.

Joseph R. Niemann, City Counselor, St. Louis, for respondent.

PER CURIAM.

Donald Jones, employee, appeals from the trial court's affirmance of a decision of the St. Louis Civil Service Commission (Commission) affirming his dismissal as a refuse collector for the City of St. Louis (employer).

Since 1973, employee had been injured on the job several times and had been on paid disability leave nearly 400 days. On April 24, 1979, employee was again placed on paid disability leave. Pursuant to standard city procedures, on July 6, 1979, employee received a letter from the city requesting medical verification of his most recent disability. On July 12, at the city's request, the employee was examined by Dr. Reuter. In Dr. Reuter's opinion, the employee was

"malingering and ... able to work." On that date, the city again requested medical verification of his disability and informed employee that failure to do so by July 20, could result in termination. On July 19, the city, by letter, directed the employee to report for work on July 23, 1979, and stated that failure to comply could result in dismissal. On July 23, the employee appeared at work, but left immediately informing his superior that he would not return until released by his doctor.

As a result of his actions, employee was dismissed. A change of employee status form was prepared and sent to the employee informing him that he was terminated because he was:

Unable or unwilling to perform the duties of his position in a satisfactory manner, in that Mr. Donald Jones after being examined by a City appointed doctor, regarding a claim for disability and the doctor finding that he was not disabled and was directed to report for work, came into the office when directed and told Mr. William Morganfield, Labor Foreman II, that he was reporting for work as directed but was leaving until he was released by his doctor.[1]

The notice also contained another paragraph which set out the number of disability days that employee had claimed from the beginning of the year and the total number of disability days he had claimed while working for the employer.

In August, the city belatedly received a form signed by employee's doctor, Dr. Washington, dated July 30, stating employee was unable to work. Employee appealed his dismissal to the Commission which conducted a hearing. The Commission filed findings of fact and conclusions of law and held the employer "had good and just cause to take the necessary disciplinary action against the [employee]. The disciplinary action taken ... was fair, reasonable and did not constitute any abuse of discretion

---

1. Employee failed to file a copy of the notice in the record on appeal contrary to Rule 81.12(b) which requires that "all of the record, proceedings and evidence necessary to the determina-tion of all questions to be presented" be part of the record on appeal. Nonetheless, the parties quote from the notice in their briefs, so we shall accept the notice as set forth here.

on the part of the appointing authority." The trial court affirmed the decision of the Commission and this appeal ensued.

It is our duty to review the evidence in the light most favorable to the Commission's findings and determine whether the Commission's ruling was supported by competent and substantial evidence. We must also defer to the commission for its assessment of the credibility of witnesses. *Heitzler v. Eppenberger*, 596 S.W.2d 458, 460 (Mo.App.1980).

On appeal, employee first contends, "The circuit court erred in affirming the Civil Service Commission's decision ... because the Commission's decision to overrule [employee's] motion to limit the scope of the hearing to the events of July 23, 1979, was in violation of the Civil Service rules which require that discharged employees be given notice of the reason for discharge." The purpose of the notice of discharge is to sufficiently inform the employee of the reason for discharge to enable him to attempt to prepare a defense. *Giessow v. Litz*, 558 S.W.2d 742, 749 (Mo.App.1977). Sufficiency of notice is one of law. *See, Wolf v. Missouri State Training School for Boys*, 517 S.W.2d 138, 142 (Mo.banc 1974). Here, the employee had sufficient notice of the reasons for his discharge. That notice also included his disability history and the Commission did not err in receiving evidence of it. Employee's point is without merit.

Employee's second point is that "the ... court erred in affirming the Civil Service Commission's decision to uphold the discharge of the [employee] because the Commission's decision was not supported by substantial evidence upon the whole record."

Rule IX, Section 3(a)(6) of the Rules of the Department of Personnel and Civil Service Commission provide:

When any employee ... is unable or unwilling to perform the duties of his position in a satisfactory manner, ... the appointing authority shall have the power and it shall be his duty to take action in one of the following ways:

\*　　\*　　\*　　\*　　\*　　\*

(6) To dismiss the employee from the City Service.

We have carefully examined the transcript of the hearing conducted before the Commission, reviewed the city's and the employee's exhibits introduced at the hearing, including the doctors' reports, and we conclude that the Commission's decision is supported by competent and substantial evidence.

Affirmed.

All Judges concur.